UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAMON GUTIERREZ-MARTINEZ (A-077-129-896),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al,

Respondents.

No. 1:26-CV-04722-DC-CSK

FINDINGS & RECOMMENDATIONS

Petitioner Ramon Gutierrez-Martinez (A-077-129-896), a native and citizen of Mexico, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted and petitioner be immediately released.

## I. FACTUAL BACKGROUND

Petitioner is a 58-year old native and citizen of Mexico who has lived in the United States for over 20 years. (ECF No. 1 at 1, 5.) On January 15, 2020, an immigration judge ordered petitioner removed to Mexico and granted withholding of removal where petitioner demonstrated a clear probability of persecution on account of his membership in a particular social group.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

(ECF No. 1 at 1, 4; ECF No. 1-3 at 2-3). Petitioner's application for a U-non-immigrant visa is pending. (ECF No. 1 at 2, 4; ECF No. 1-4 at 3-4.)

On November 28, 2025, U.S. Customs and Border Protection detained petitioner upon his return to the United States after petitioner inadvertently got into the wrong lane that required him to exit the United States and petitioner immediately returned to re-enter the United States. (ECF No. 1 at 6-7; ECF No. 1-5.) Petitioner has been in continuous detention since. (ECF No. 1 at 6-7.)

Petitioner is married to a U.S. citizen and is the adoptive father of a U.S. citizen son. (ECF No. 1 at 5; ECF No. 1-1 at 3-9.) Petitioner has owned and operated a hair salon for ten years in South Gate, California, where he has lived for 13 years. (ECF No. 1 at 5.) Petitioner's criminal history consists of "non-violent, low-level offenses" with his last arrest in 2007. (ECF No. 1 at 6.) In addition, Petitioner has been receiving medical care for HIV for over seventeen years. (ECF No. 1 at 5; ECF No. 1-2 at 2.) Respondents do not dispute these facts. (See ECF No. 5.)

## II. PROCEDURAL BACKGROUND

On June 18, 2026, petitioner filed his verified petition for writ of habeas corpus. (ECF No. 1.) On June 26, 2026, respondents timely filed an answer to the petition. (ECF No. 5.) On June 29, 2026, petitioner filed a timely reply/traverse. (ECF No. 6.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges

to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges his continued detention based on the violation of the following: (1) 8 U.S.C. § 1231(a)(6), Zadvydas, and the Fifth Amendment; (2) Fifth Amendment procedural due process clause; (3) Fifth Amendment substantive due process clause; (4) 8 C.F.R. § 241.4 and 241.13 post-order custody regulations; (5) the Administrative Procedures Act; (6) habeas corpus 28 U.S.C. § 2241; (7) declaratory and injunctive relief; and (8) an alternative due process claim if detention is based on 8 U.S.C. § 1225(b)(1). (ECF No. 1 at 21-29.) Respondents concede that the government has not identified a third country for removal and that the government "lack[s] evidence to rebut [petitioner's] showing that there is not a significant likelihood of removal in the reasonably foreseeable future." (ECF No. 5 at 1.) Because removal is not reasonably foreseeable, respondents do not contest that detention is no longer authorized and may not be continued. (See id. at 2.) Instead, though respondents oppose release based on danger, respondents request that if the Court grants release, that release should be on an order of supervision consistent with 8 U.S.C. § 1231(a)(6) and 8 C.F.R. § 241.5(a).

The parties agree that because petitioner is subject to a final order of removal, his detention is governed by 8 U.S.C. § 1231(a)(6). (See ECF No. 1 at 21-22; ECF No. 5.) The parties further agree that an immigration judge ordered petitioner removed to Mexico and granted petitioner withholding of removal from Mexico. (See ECF No. 1 at 2; ECF No. 5.) A non-citizen who has been granted withholding of removal has demonstrated "that her life will be 'threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion.'" Plancarte Sauceda v. Garland, 23 F.4th 824, 832 (9th Cir. 2022) (quoting 8 U.S.C. § 1231(b)(3)(A)); see 8 C.F.R. § 1208.16(b). The non-citizen cannot be removed to the country where the non-citizen faces a likelihood of persecution. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention. Zadvydas, 533 U.S. at 690. Once a noncitizen subject to a final order of removal has been detained for six months and "provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with sufficient evidence to rebut that showing." Id. at 701.

Petitioner has been detained for approximately eight months since November 28, 2025. The Court agrees with and accepts respondents' concession that the government cannot rebut petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. (See ECF No. 5.) Petitioner's continued detention is therefore not justified and he is entitled to relief on his habeas petition. See Zadvydas, 533 U.S. at 701.

The Court therefore focuses its analysis on what relief is appropriate. After petitioner was granted withholding of removal in January 2020, petitioner was not detained or subjected to an order of supervision, and the government does not contest otherwise. (See ECF No. 5.) Therefore, petitioner's status before he was re-detained in November 2025 was one of release, and petitioner should be ordered released immediately to return him to the status quo before the pending controversy, his re-detention. See Hoac v. Becerra, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025) (holding petitioner's "immediate release is required to return him to the status quo" before petitioner's re-detention under 8 U.S.C. § 1231); Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy."). While the government may be entitled to subject petitioner to an order of supervision pursuant to 8 U.S.C. § 1231(a)(3), petitioner was not under such an order of supervision at the time that he was re-detained in November 2025 despite having been subject to a January 2020 removal order and withholding of removal order. It is not this Court's role to order the government to impose such an order when the government declined to do so previously, nor is there justification to further detain petitioner, who has already been detained for eight months, to enable the government to enter such an order. Further, this case is distinguishable from Kovalchuk v. Martinez, No. 1:26-CV-00978 JLT FJS, 2026 WL 1179736, at *2 (E.D. Cal. Apr. 30, 2026), upon which the government relies for its request for an order of supervision. Here, unlike Kovalchuk, the petitioner was granted withholding of removal, he was not under an order of supervision, and he did not get convicted of multiple other crimes after his January 2020 removal order. See

Kovalchuk v. Martinez, No. 1:26-CV-00978 JLT SKO, 2026 WL 776279, at *2 (E.D. Cal. Mar. 19, 2026) (detailing extensive criminal history after removal order).

Because the Court recommends granting the petition based on claims one and two, the Court need not address any additional claims raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claims one and two.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.
2. Petitioner Ramon Gutierrez-Martinez (A-077-129-896) be immediately released from ICE custody under the same conditions he was before his November 28, 2025 re-detention. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release. Respondents be enjoined and restrained from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements for revocation of release, and any other applicable statutory and regulatory procedures.
3. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 28, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/guti.4722.26.imm.frs